UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In Re:

MARK DOUGLAS COBBETT, and,　　　　　　Case No. 10-73227-wsd
REBECCA I. COBBETT,　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　Honorable Walter Shapero
　　　　　　Debtors.
_____/

## OPINION ON TRUSTEE'S MOTION TO TURN OVER 2010 CHEVROLET MALIBU TO THE TRUSTEE

The Debtors commenced this Chapter 7 case on October 29, 2010. In their Schedule B, they listed ownership of a 2010 Chevrolet Malibu LT with mileage of 350 as owned by the Debtor's wife with a value of $15,810.00.

On August 11, 2011, the Trustee moved for turnover of that vehicle alleging it had a value of approximately $18,600.00. The Debtors' response disputed that value and stated that even if the Trustee's assertion of value was correct, the vehicle would have only $2,790.00 of non-exempt equity, and considering potential administrative expenses, such would not produce any value for the creditors; in addition they cited a material period of inaction or responsiveness by the Trustee indicating to them a non-interest in this asset. The Debtors' response further indicated that as of July 2011 they actually no longer had the vehicle because they sold it then for $17,000.00 in order to acquire a different vehicle suitable for their family needs. That fact is not questioned nor can it be questioned that the Debtors did not have the right to sell the vehicle when they did without the prior approval of the Court or the Trustee. They apparently did so either out of ignorance of that requirement or a belief that having not heard from the Trustee or their attorney for a few months and felt immediate desire to accommodate their family's needs, they were free to do so. Whatever

1

communications or responses thereto issues there may have been between the Trustee and the Debtors' attorney, they certainly do not rise to their being or affording Debtors a complete legal defense to the Trustee's Motion, or, any kind of a waiver of the prohibition against the Debtors selling the vehicle without the appropriate approvals.

On the other hand, under the recited circumstances all that should be required of the Debtors is to turnover the net amount of non-exempt equity which the Trustee might have realized for the bankruptcy estate had the vehicle not been sold. Given the various indicated valuations as well as the vehicle's apparent actual sales price, the Court concludes that the Debtors should pay to the Trustee the sum of $1,500.00. An order is being contemporaneously entered.

**Signed on July 25, 2012**

                                       **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**